Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT

### for the

Eastern    District of Virginia

Newport News Division

|  |  |
|---|---|
| KITRON A. WEDDING | Case No. 4:25CV143 |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Jury Trial: *(check one)*  ☐ Yes  ☐ No |
| -v- |  |
| HUNTINGTON INGALLS INCORPORATED |  |
| *Defendant(s)* |  |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* |  |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I.  The Parties to This Complaint

#### A.  The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Kitron A. Wedding |
| Street Address | 1001 Gayley Ave Unit # 24724 |
| City and County | Los Angeles, Los Angeles County |
| State and Zip Code | CA 90024 |
| Telephone Number | 336) 447-0584 |
| E-mail Address | samphone2025@proton.me |

B.    **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Huntington Ingalls Incorporated |
| Job or Title *(if known)* | |
| Street Address | 4101 Washington Avenue |
| City and County | Newport News |
| State and Zip Code | VA 23607 |
| Telephone Number | (757) 380-2000 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

E-mail Address *(if known)* _____

## C.    Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Huntington Ingalls Incorporated |
| Street Address | 4101 Washington Ave. |
| City and County | Newport News |
| State and Zip Code | Virginia 23607 |
| Telephone Number | (757) 380-2000 |

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Other federal law *(specify the federal law)*:

42 U.S.C. § 2000e-3 (a) – Title VII retaliation provision
42 U.S.C. § 12203 (a) – ADA retaliation provision

☐    Relevant state law *(specify, if known)*:

Virginia common-law claims for Defamation (see WJLA–TV v. Levin, 264 Va. 140 (2002)) and Intentional Infliction of Emotional Distress (see Russo v. White, 241 Va. 23 (1991))

☐    Relevant city or county law *(specify, if known)*:

_____

### III.    Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐    Failure to hire me.

☐    Termination of my employment.

☐    Failure to promote me.

☐    Failure to accommodate my disability.

☐    Unequal terms and conditions of my employment.

☐    Retaliation.

☒    Other acts *(specify)*:    Harassment/hostile work environment. Defamation and Intentional Infliction of Emotional Distress (State-law claims)

*(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

Earliest: February 10th, 2023 (accommodation request and related disclosure)
Latest: February 23rd, 2024 (termination)
The discriminatory and retaliatory conduct continued throughout this period.

C.    I believe that defendant(s) *(check one)*:

☐    is/are still committing these acts against me.

☐    is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☐    race    _____

☐    color    _____

☒    gender/sex    sexual orientation – queer

☒    religion    atheist

☐    national origin    _____

☐    age *(year of birth)*    _____    *(only when asserting a claim of age discrimination.)*

☐    disability or perceived disability *(specify disability)*

> Diagnosed conditions: Generalized Anxiety Disorder,
> Major Depressive Disorder, and ADHD.
> Employer and its agents regarded Plaintiff as
> "paranoid," "delusional," and having "delusions of
> persecution."

E.    The facts of my case are as follows.  Attach additional pages if needed.

### 1. Facts of the Case

Venue is proper in the Eastern District of Virginia under 28 U.S.C. § 1391(b) because the events giving rise to this complaint occurred in Newport News, Virginia, where Defendant maintains its principal place of business and where Plaintiff was employed.

In February 2023, Plaintiff (he/him/his) informed his manager, Justin Mani, at Defendant (the company) that he was experiencing anxiety and panic attacks, and that the rotating shifts of his assignment were worsening his symptoms. (See Exhibit G, February 21 2023 text confirming disclosure of mental-health concerns.) Plaintiff requested a reasonable accommodation in the form of a consistent schedule on any shift. This request was approved and Plaintiff was reassigned to an office position writing procedures on first shift in February 2023.

Following the accommodation, conditions in Plaintiff's work environment became hostile. Management, supervisors, and coworkers began engaging in harassment, intimidation, rumor-spreading, shunning, and theft or molestation of his personal and company issued property. Conversations near his cubicle often mocked his medical condition and included disturbing or derogatory content. (See Exhibit G, July 12 2023 message requesting accommodation and offering documentation of ADHD and anxiety.) The harassment intensified, including remarks targeting his sexual orientation and religious beliefs after he disclosed that he was atheist and identified as queer. Despite these conditions, he continued to meet performance expectations and passed all qualifications, including Radiological Training for Nuclear Engineers (RTNE, a voluntary professional development qualification) on retest.

On January 8, 2024, Plaintiff reported the discrimination, harassment, and intimidation to human resources (HR) representative, Carrie Allen who regarded him as paranoid. (See Exhibit F, Jan 8 entry) Immediately following the report, Carrie and a security detail escorted him from the security building, past his workplace, to the medical department director, Dr. Peter Aposteles. At the medical building, he recounted his report, was again regarded as paranoid, and was required to sign an "Employee Assistance Plan" (EAP) agreement (see Exhibit E and See Exhibit G, Jan 23 2024 call transcript excerpts showing Grett and Dr. Aposteles regarded Plaintiff as delusional and unfit for work.)). HR described the EAP as administrative while they handled his complaint. Plaintiff was later told he could not return to work until cleared by the medical director and a psychiatrist, later specified as Dr. Stephen Cunningham, who was chosen by the company's contractor, Ron Grett of Ron Grett LLC. Ron Grett was serving as an EAP counselor. No written policy justifying this requirement was provided upon request.

Plaintiff complied in good faith, contacting numerous psychiatrists, including the provider specified by the company. (See Exhibit F, February 19–27 email thread with Ron Grett and communication with Dr. Cunningham's office) Dr. Cunningham's practice required a $250 fee at time of scheduling and Plaintiff informed the provider that he would schedule as soon as his replacement card arrived in the mail. Before he could do so, the company terminated him (see Exhibit D) on February 23, 2024 for "failure to follow the EAP," more than a month before the approved medical leave return-to-work date of March 31st, 2024. During the leave, Plaintiff received short-term disability benefits through Prudential based on disclosure from the company that he was mentally unfit for work. These actions show that the company

regarded Plaintiff as disabled and used that perception as pretext to justify the coerced medical leave and later termination through the sham EAP process.

The retaliatory harassment and hostile work environment followed Plaintiff's accommodation request. The EAP, coerced medical leave, and termination followed his complaint of discrimination and harassment. These actions demonstrate clear retaliation. The company's stated reason for termination was false and pretextual as demonstrated by his good faith efforts to schedule and the absence of any record of performance or attendance issue.

The company's actions caused severe and continuing emotional distress, fear, anxiety, psychological harm, mental anguish, and have exacerbated Plaintiff's diagnosed anxiety and depression. The retaliation, intimidation, and hostile treatment left lasting effects including post-traumatic stress symptoms, nightmares, hypervigilance, social withdrawal, lost passion for his interests, and shattered sense of safety.

True and correct copies of the referenced exhibits are attached hereto.

Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) concerning the above conduct (see Exhibit B). The EEOC issued and Plaintiff received a Notice of Right to Sue dated July 31st, 2025 (see Exhibit A).
A detailed chronology of relevant events, communications, and personnel is provided in Plaintiff's Timeline Evidence and Workplace Personnel (see Exhibit C), incorporated herein by reference.


## 2. Causes of Action

Plaintiff incorporates by reference the facts and exhibits stated above as though fully set forth herein.

### Count I – Disability Discrimination (Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.)

Plaintiff, a qualified individual with a disability, requested a reasonable accommodation, seeking a consistent work schedule due to anxiety and panic attacks. Defendant granted this request but then failed to maintain its effectiveness by allowing harassment and hostile treatment that undermined its purpose.

After Plaintiff reported the harassment, Defendant regarded him as mentally unfit, coerced him onto an unnecessary medical leave, and terminated his employment through a sham "Employee Assistance Plan" process. These actions constitute discrimination and failure to accommodate under the ADA.

### Count II – Retaliation (ADA and Title VII, 42 U.S.C. § 2000e-3)

After Plaintiff requested a reasonable accommodation, Defendant retaliated through harassment, intimidation, and hazing. When Plaintiff reported this to Human Resources, Defendant retaliated again by removing him from the workplace, imposing false medical requirements, and terminating his employment. These adverse actions occurred within weeks of the protected activity and violated the ADA and Title VII.

### Count III – Religious and Sexual-Orientation Discrimination (Title VII, 42 U.S.C. § 2000e-2)

After receiving his accommodation, Plaintiff disclosed that he was atheist and identified as queer. Following these disclosures, Defendant allowed hostile remarks, mockery of his beliefs, and treated him less favorably than others, creating unequal conditions of employment and contributing to a hostile work environment that culminated in his termination. Defendant's conduct constitutes discrimination based on

religion and sexual orientation in violation of Title VII.

### Count IV – Hostile Work Environment (ADA and Title VII)

After receiving his accommodation, Plaintiff was subjected to harassment and intimidation pressuring him to abandon his accommodation. He was further harassed and hazed for his disability, religion, and sexual orientation. Management was aware of the harassment but failed to take corrective action. The conduct was severe and pervasive enough to alter the terms and conditions of his employment and to create an abusive working environment.

### Count V – Defamation (Virginia Common Law)

Defendant and its agents communicated false statements about Plaintiff's mental fitness to third parties, including company contractors and Prudential Insurance, representing that Plaintiff was paranoid or delusional. These statements were false, made with reckless disregard for the truth, unnecessary to any legitimate business purpose or medical necessity or in disregard of such limits, and caused harm to Plaintiff's reputation and employability.

### Count VI – Intentional Infliction of Emotional Distress (Alternative) *(Virginia Common Law, pled in the alternative under Fed. R. Civ. P. 8(d)(2))*

In the alternative, and to the extent the conduct above is found not to violate the ADA or Title VII, Defendant's actions, including but not limited to humiliation, intimidation, harassment, and the knowing misuse of medical and administrative processes, were extreme and outrageous. They were intended, or were substantially certain, to cause severe emotional distress, which Plaintiff in fact suffered, as shown by the continuing anxiety, fear, and psychological harm described in the facts above.

*(Note:  As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.    Exhaustion of Federal Administrative Remedies

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

September 30th, 2024

B.    The Equal Employment Opportunity Commission *(check one)*:

☐    has not issued a Notice of Right to Sue letter.

☐    issued a Notice of Right to Sue letter, which I received on *(date)*    July 31st, 2025    .

*(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.      Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

        60 days or more have elapsed.

        less than 60 days have elapsed.

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Plaintiff seeks all relief permitted by law for violations of the ADA, Title VII, and related state-law claims, including but not limited to the following:
Plaintiff respectfully requests that the Court:

1. Award back pay, lost wages, lost benefits, and front pay in lieu of reinstatement;

2. Award compensatory damages for emotional distress, pain and suffering, mental anguish, loss of enjoyment of life, and other non-economic harms resulting from Defendant's conduct;

3. Award punitive damages to deter and punish willful or reckless discrimination and retaliation;

4. Award pre- and post-judgment interest and all other appropriate monetary relief, including reimbursement for out-of-pocket costs, medical expenses, and denied unemployment benefits;

5. Order injunctive relief directing Defendant to:

   a. Implement and maintain comprehensive anti-harassment, anti-retaliation, and reasonable-accommodation policies;

   b. Conduct company-wide annual in-person training for all employees on recognizing, preventing, and reporting discrimination, harassment, and retaliation, and on employees' rights under the ADA and Title VII;

   c. Establish clear written procedures for employees to document and report discrimination, harassment, and retaliation without fear of reprisal;

   d. Post notice of this Court's judgment and of employees' rights under federal and state anti-discrimination laws;

6. Issue declaratory relief stating that Defendant's actions violated Plaintiff's rights under the ADA and Title VII;

7. Award Plaintiff his litigation costs, expenses, and any reasonable attorney's fees permitted by statute; and

8. Grant such other and further relief as the Court deems just and proper.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        October 28th, 2025

Signature of Plaintiff

Printed Name of Plaintiff        Kitron Wedding (Pro Se)

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address