# UNITED STATES DISTRICT COURT
for the

Eastern District of Virginia

| | |
|---|---|
| KITRON A. WEDDING | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | )     Civil Action No. 4:25-cv-00143-RBS-LRL |
| HUNTINGTON INGALLS INCORPORATED | ) |
| | ) |
| | ) |
| | ) |
| _Defendant(s)_ | ) |

## PLAINTIFF'S MOTION TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA

Plaintiff Kitron A. Wedding, proceeding pro se, respectfully moves this Court, pursuant to 28 U.S.C. §1404(a), for an Order transferring this action to the United States District Court for the Central District of California, Los Angeles Division. In support of this Motion, Plaintiff states as follows:

1. This is an employment discrimination action arising from Plaintiff's employment with Defendant in Newport News, Virginia.

2. Venue is technically proper in this District under 28 U.S.C. § 1391. However, 28 U.S.C. §1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

3. This action was eligible to have been brought in the Central District of California ("CDCA") because Defendant is subject to personal jurisdiction there as a large, national corporation conducting substantial business in California, including through affiliated shipyard operations. A substantial part of the events giving rise to the claims of retaliation, and the severe emotional distress causing Plaintiff to flee Virginia, are felt by Plaintiff in his district of residence.

4. The balance of conveniences and the interests of justice overwhelmingly favor transfer to the CDCA for the following reasons:

   a. Plaintiff's Safety: The Plaintiff's safety is paramount. As detailed in the accompanying Declaration, Plaintiff is the target of severe, ongoing threats and harassment that, based on the timing and nature detailed in the accompanying Declaration, are linked to his protected activity. See In re Apple Inc., 581 F. App'x 886, 887-88 (Fed. Cir. 2014) (unpublished) (recognizing a party's "personal safety" as a relevant factor in the venue-transfer analysis).[1] These threats originated in Virginia, forcing litigation there imposes a danger and an undue hardship that directly impacts his ability to participate fully and safely in his own case.

---

[1] Pursuant to Federal Rule of Appellate Procedure 32.1 and this Court's customary practice, a copy of the unpublished decision in *In re Apple Inc.*, 581 F. App'x 886 (Fed. Cir. 2014), is provided as an Exhibit to the Declaration of Kitron A. Wedding in support of this Motion.

Litigating in Virginia is not merely inconvenient; it is indeed dangerous, rendering the forum 'oppressive' under the statute.

b. Plaintiff's Residence and Access to Counsel: Plaintiff now resides in Los Angeles within the CDCA. Transfer allows him to secure local counsel and to attend proceedings without life-threatening travel obligations and would materially reduce the personal and logistical burdens associated with participation in this action. While access to counsel alone is not dispositive under § 1404(a), Plaintiff's exhaustive yet unsuccessful efforts to secure counsel in Virginia, combined with the safety concerns and travel hardship described herein, significantly impair his ability to litigate this matter effectively. Transfer would mitigate these compounded hardships and promote fair access to the judicial process without imposing undue prejudice on Defendant.

c. Witness Convenience: Plaintiff is the primary and indispensable witness regarding the alleged discrimination, retaliation, hostile work environment, and resulting harm. His testimony concerns first-hand experiences that cannot be replicated or meaningfully substituted by other witnesses. Plaintiff's ability to testify fully and effectively is therefore critical to the just resolution of this case and is materially impaired by the burdens associated with litigating in Virginia. While Defendant may call Virginia-based witnesses, their testimony can be presented via deposition or affidavit without compelling Plaintiff's return to a hostile environment. Accordingly, the witness-convenience factor weighs in favor of transfer.

d. Access to Sources of Proof: Most relevant documentary evidence is with the Defendant in Virginia, which can be produced electronically anywhere. Plaintiff's evidence is largely digital and portable.

e. Practical Problems & Interest of Justice: The federal courts have a paramount interest in ensuring a fair and safe litigation process. A forum where a party's physical safety is compromised cannot be deemed 'convenient,' nor can it afford justice. Requiring an individual plaintiff, who has alleged severe retaliation, to litigate in a forum where he faces documented threats to his personal safety undermines the integrity of that process. Justice cannot be served in a forum where a party's participation is conditioned on accepting a credible risk to personal safety. Justice is best served by transferring the case to a neutral forum where Plaintiff can seek redress while more remotely managing risk.

5. As a major national defense contractor with a business presence in California, Defendant is regularly involved in complex litigation and is well-positioned to litigate in the CDCA with minimal disruption.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order transferring this action to the United States District Court for the Central District of California, Los Angeles Division, and for such other and further relief as the Court deems just and proper.

Respectfully submitted.

[Date]    2/4/2026

Kitron A. Wedding. Plaintiff Pro Se