# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Virginia

| | |
|---|---|
| KITRON A. WEDDING <br><br> _____ <br> *Plaintiff(s)* <br> v. <br> HUNTINGTON INGALLS INCORPORATED <br><br> _____ <br> *Defendant(s)* | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 4:25-cv-00143-RBS-LRL <br> ) <br> ) <br> ) <br> ) <br> ) |

## DECLARATION OF KITRON A. WEDDING IN SUPPORT OF PLAINTIFF'S MOTION TO TRANSFER VENUE AND MOTION FOR LEAVE TO APPEAR REMOTELY

I, Kitron A. Wedding, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct to the best of my knowledge, information, and belief:

1. I am the Plaintiff in this employment discrimination action against my former employer, Huntington Ingalls Incorporated ("HII" or "Defendant"). This declaration supports my Motion to Transfer Venue to the Central District of California and my Motion for Leave to Appear Remotely. I currently reside in Los Angeles, California.

2. Before I engaged in protected activity by requesting a reasonable accommodation in February 2023, I lived and worked in Virginia without security incident. Following that request, and particularly after I reported harassment to HII Human Resources in January 2024, I became the target of a campaign of intimidation and threats. This campaign intensified sharply after I filed my EEOC Charge and has continued since I initiated this lawsuit. I believe this campaign is intended to deter this litigation.

3. These acts have created a threat to my personal safety, making travel to and presence in Virginia, the state where the threats originated and where Defendant is headquartered, both dangerous and impractical. The following is a non-exhaustive list of key incidents which escalated in severity over time:

    a. **Direct Threats in the Workplace:** Following my reports, I was directly threatened with physical harm. In or around the late summer of 2023, I was threatened with murder and battery, with the individuals specifying it would be made to look like an accident and that they planned to 'delay until [the attack] appeared less suspicious.'

    b. **Weapons-Related Intimidation:** On or about February 12, 2024, while living in Virginia, a handheld, fully automatic firearm was discharged from car window into the

sky directly in front of my vehicle in Newport News, VA, before the vehicle fled west. I perceived this as a direct act of intimidation.

c. **Targeted Intimidation at Travel Hubs:** On the morning of October 12, 2024, at Los Angeles International Airport (LAX), I was followed into the terminal by a stranger carrying a military-style backpack with a Northrop Grumman patch, the former owner of my employer Newport News Shipbuilding. This individual sat directly in front of me. (I attach a true and correct copies of my photographs of this occurrence as Exhibits 1 and 2.) Concurrently, I experienced disturbing anomalies on my personal phone where a music application generated a series of song titles which I perceived to be related to air travel and the result of a digital vulnerability consistent with previously documented instances of the like. I have preserved screenshots of this attached as Exhibit 3.

d. **Physical Confrontations:** I have been involved in two separate collisions under similar circumstances with commercial trucks in recent years, the first on May 5, 2023, and the second on August 20, 2024. (I attach a true and correct copies of my photographs of these occurrence as Exhibits 4 and 5.) Furthermore, on August 25, 2025, I was chased down a public street by an individual wielding a knife. (I attach true and correct still images from my video recording of this incident as Exhibit 6.) I was harassed, physically assaulted and chased in a public library while printing legal documents on January 5, 2026. (I attach true and correct still images from my video recording of this incident as Exhibits 7 and 8)

e. **Ongoing, Coordinated Harassment:** I endure daily verbal and symbolic insinuations of harm and am frequently exposed to dangerous and aggressive driving by vehicles either as a pedestrian or driver. This represents a dramatic and hostile shift that began only after my protected activity. I have compiled contemporaneous photographic and video evidence of this pattern and can provide it to the Court upon request.

4. I have been specifically warned that flying is unsafe for me due to risks of sabotage, with one threat detailing that causing a passenger aircraft crash would be, paraphrasing, 'considered an acceptable cost compared to that of an aircraft carrier.' The nature, timing, and escalating severity of these incidents following and directly correlating with each step of the litigation process, from personal threats to the demonstrated ability to infiltrate secure travel hubs and concurrently manipulate my personal devices, have led me to reasonably believe they are connected to my legal action against HII and create a clear and present danger. This credible threat of sabotage makes air travel an unacceptable risk, both for myself and for other passengers.

5. The credible threats to my safety forced me to flee Virginia. Returning to litigate this case would place me back in the geographic center of this threat. Transferring this action to the Central District of California is the most reliable means to protect the integrity of these judicial proceedings. It places all participants, including witnesses, court personnel, and myself, at a geographic distance from the origin of these threats, thereby better ensuring the safety necessary for a fair process without relying solely on ongoing judicial enforcement of a protective order.

6. Litigating in the Central District of California, where I now reside, is the only forum that allows me to participate in my own lawsuit without incurring an unacceptable risk to my life and safety. My testimony is central to this case, and my ability to testify fully and fairly is compromised by the direct threat as well as the severe trauma associated with returning to Virginia. Transfer would also serve the interest of justice by securing the safety of the forum itself, allowing all parties and the Court to focus on the merits of the case free from the chilling effect of these threats.

7. For the same reasons, I respectfully request to appear remotely for all conferences, hearings, and proceedings in this Court for as long as the case remains in Virginia.

The severe and documented threats to my personal safety create a hardship that makes litigating in Virginia uniquely unsafe and burdensome. Forcing me, an individual, to return to the geographic source of these threats would impose a far greater hardship than an inconvenience to a large, national corporation such as the Defendant. A transfer to California is therefore necessary to achieve the convenience and justice intended by 28 U.S.C. § 1404(a).

I declare under penalty of perjury that the foregoing is true and correct.
Executed on ___2/4/2026___, in Los Angeles, California.

_____
Kitron A. Wedding, Plaintiff Pro Se