IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**KITRON A. WEDDING,** *pro se,*

    Plaintiff,

v.                                                                                   Civil Action No. 4:25-cv-143-RBS-LRL

**HUNTINGTON INGALLS INCORPORATED,**

    Defendant.

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

In response to *pro se* Plaintiff Kitron Wedding's ("Plaintiff" or "Mr. Wedding") Complaint, Defendant Huntington Ingalls Incorporated ("Defendant" or "HII"), by counsel, hereby submits the following Answer. Anything not specifically admitted herein is denied.

### SECTION I: PARTIES

HII does not have sufficient information to admit or deny the accuracy of Mr. Wedding's contact information provided in Section I(A). However, HII states that the address Mr. Wedding provided appears to be a P.O. Box, not a residential address. HII admits that the contact information for Defendant in Section I(B) is accurate, and HII admits that Mr. Wedding was previously employed by HII at its Newport News Shipbuilding Division as described in Section I(C).

### SECTION II: BASIS FOR JURISDICTION

The allegations in Section II, Basis for Jurisdiction, are legal conclusions to which no response is required. To the extent a response is required, HII denies the allegations of Section II and denies that this Court has jurisdiction to hear Plaintiff's Title VII and ADA claims.

### SECTION III: STATEMENT OF CLAIM

HII denies the allegations in Section III(A)–(D) which allege that HII violated the law.

Section III(E), which purports to outline the "facts" in a narrative explanation, contains factual allegations and legal conclusions that are inextricably entwined. The only facts HII admits in this Section are that HII does not dispute that venue is appropriate in the Newport News division of the Eastern District of Virginia. HII denies the rest of the factual and legal allegations in Section III. In particular, HII denies that Mr. Wedding advised his manager of any disability. HII denies that Mr. Wedding's change in schedule was prompted by a disclosure of a disability and request for accommodation. HII denies that Mr. Wedding was subjected to harassment or a hostile work environment, and HII denies that Mr. Wedding disclosed his sexual orientation or religious beliefs to any HII management official. HII denies that Mr. Wedding ever reported harassment or discrimination as defined by Title VII or the ADA. HII denies Mr. Wedding's characterization of the facts regarding his referral to EAP. HII denies that Mr. Wedding "complied in good faith" with the EAP process. HII denies the accuracy of the "exhibits" Mr. Wedding provided with his Complaint and disputes the accuracy of their contents, with the exception of ECF No. 1, attach. 3 at 1-2, Mr. Wedding's Charge of Discrimination; ECF No. 1, attach. 2 at 1-2, the EEOC Determination and Notice of Rights; ECF No. 1, attach. 3 at 18-19, the "Last Chance Memorandum;" ECF No. 1, attach. 2 at 17, the "Failure to Comply with Mandatory Employee Assistance Program" letter.

HII denies the allegations under "Count I – Disability Discrimination."

HII denies the allegations under "Count II – Retaliation."

HII denies the allegations under "Count III – Religious and Sexual-Orientation Discrimination."

HII denies the allegations under "Count IV – Hostile Work Environment."

HII denies the allegations under "Count V – Defamation."

HII denies the allegations under "Count VI – Intentional Infliction of Emotional Distress."

## SECTION IV: EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

HII denies that Mr. Wedding properly exhausted his administrative remedies.

## SECTION V: RELIEF

Any factual allegations in the "Relief" section are denied, and it is further denied that Mr. Wedding is entitled to any of the relief requested therein.

## SECTION VI: CERTIFICATION AND CLOSING

HII does not admit the accuracy of Mr. Wedding's certification and signing because Mr. Wedding signed this Complaint after filing it. The Complaint was originally accepted as defective by the Clerk of Court because it lacked a signature. Mr. Wedding signed it at some point between the filing in October 2025 and service in January 2026, but regardless of the timing of his post-hoc signature, the Complaint certainly was not signed when he initially filed it on October 29, 2025 and thus is wrongly dated.

## DEFENSES AND AFFIRMATIVE DEFENSES

Without assuming any burden of proof that by law is not otherwise HII's, HII asserts the following defenses and affirmative defenses:

1. Some or all claims in Plaintiff's Complaint fail to state a claim or cause of action for which relief may be granted.

2. Any allegations of conduct occurring more than 300 days prior to the filing of Plaintiff's Charge of Discrimination are time-barred and cannot serve as the basis of Plaintiff's federal claims.

3. Plaintiff failed to comply with 42 U.S.C. § 2000e-5(b) and 29 C.F.R. § 1601.9, and thus, the Court lacks jurisdiction to hear Plaintiff's Title VII and ADA claims.

4. Plaintiff's claims are barred in whole or in part to the extent the Complaint contains allegations or seeks relief that exceeds the scope of Plaintiff's Charge of Discrimination.

5. Plaintiff's Title VII and ADA claims fail because Defendant had comprehensive and effective policies in place regarding reporting, investigation, and correction of purported discriminatory and harassing conduct, and Plaintiff failed to avail himself effectively of such opportunities.

6. Plaintiff's Title VII and ADA claims fail because he only made vague and generalized accusations of harassment, did not identify the alleged harassers, did not provide any detail regarding the supposed harassment, and none of the alleged "harassment" Plaintiff described is actionable under Title VII or the ADA.

7. Most or all of the alleged acts of harassment pled in the Complaint, whether taken separately or together, are not sufficiently severe or pervasive to state a claim.

8. Plaintiff's harassment claim fails as a matter of law because he cannot establish that the alleged conduct was based on his disability, sexual orientation, or religious beliefs.

9. Plaintiff's harassment claims fail as a matter of law because he cannot establish a basis for holding Defendant liable for the alleged conduct.

10. Plaintiff's wrongful termination claims fail as a matter of law because he cannot establish that he was performing his job at a level that met Defendant's legitimate expectations at the time of his termination.

11. Plaintiff is not a qualified individual with a disability.

12. Plaintiff poses a direct threat of harm to himself or others.

13. Defendant's referral of Plaintiff to participate in the EAP is not sufficient to establish that Defendant regarded Plaintiff as disabled.

14. Defendant's requirement that Plaintiff participate in the EAP was job related and consistent with business necessity.

15. Some or all claims in Plaintiff's Complaint are barred by the applicable statute of limitations.

16. Plaintiff has failed to plead any of the necessary elements of a defamation claim under Virginia law.

17. Plaintiff's defamation claim fails because Plaintiff failed to plead the exact words used, there was no publication, there was no requisite intent of malice, the statement was subject to privilege, the alleged statement was not false, and the statement was inactionable opinion.

18. Any conduct experienced by Plaintiff was not so outrageous and intolerable that it offends against accepted standards of decency and morality.

19. Any emotional distress experienced by Plaintiff was not so severe that no reasonable person could be expected to endure it.

20. Plaintiff's alleged damages were caused, in whole or in part, by Plaintiff's own actions.

21. Some or all of Plaintiff's claims are barred by the doctrines of unclean hands, laches, and waiver.

22. Plaintiff has failed to mitigate his damages, if any.

23. Without conceding burden of proof, liability, or that Plaintiff was damaged by any action of Defendant, Defendant states that any alleged harm suffered by Plaintiff is subject to apportionment based on other stresses in Plaintiff's life.

24. Any allegedly unlawful actions by Defendant were taken contrary to Defendant's good faith effort to comply with applicable law.

25. Any alleged wrongful conduct on the party of Defendant's employees was outside the scope of their employment and, accordingly, Defendant cannot be held vicariously liable for such conduct.

26. Defendant's actions were based on legitimate, non-discriminatory and non-retaliatory reasons unrelated to any protected category.

27. Plaintiff's claim for punitive damages fails because Defendant engaged in no action that was intentional, malicious, willful, or recklessly indifferent to Plaintiff's protected rights.

28. Any amount to be awarded in this matter cannot exceed the applicable statutory cap on damages.

## **RESERVATION AND NON-WAIVER**

Defendant reserves the right to assert any additional and further defenses as may be revealed by additional information received or as may be warranted by discovery.

WHEREFORE, Defendant prays:

1. Plaintiff recover nothing from Defendant, and Plaintiff's claims against Defendant be dismissed with prejudice;

2. Defendant recover its costs and reasonable attorneys' fees incurred in defending this action to the extent provided by law; and

3. Defendant be awarded such other and further relief as the Court deems just and proper.

WHEREFORE, having fully answered, Defendant respectfully requests that this action be dismissed with prejudice and Defendant be awarded its costs, reasonable attorneys' fees, and any other relief this Court deems appropriate.

Dated:  February 11, 2026

Respectfully submitted,

By: */s/ Sharon Kerk Reyes*
Sharon Kerk Reyes (VSB No. 87701)
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
T:  (757) 624-3000
F:  (888) 360-9092
skreyes@kaufcan.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of February, 2026, I will electronically file the foregoing document with the Clerk of the Court using the CM/ECF system, and I hereby certify that I will mail the document by First-Class mail, postage prepaid, with a courtesy copy via electronic mail, to the following non-filing user:

Kitron A. Wedding, *pro se*
1001 Gayley Avenue Unit # 24724
Los Angeles, CA 90024
samphone2025@proton.me
*Pro Se Plaintiff*

By: */s/ Sharon Kerk Reyes*
Sharon Kerk Reyes (VSB No. 87701)
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
T:  (757) 624-3000
F:  (888) 360-9092
skreyes@kaufcan.com

*Counsel for Defendant*