IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**KITRON A. WEDDING,** *pro se,*

    **Plaintiff,**

v.                                                                             Civil Action No. 4:25-cv-143-RBS-LRL

**HUNTINGTON INGALLS INCORPORATED,**

    **Defendant.**

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO APPEAR REMOTELY FOR ALL CONFERENCES AND HEARINGS

*Pro se* Plaintiff Kitron Wedding ("Mr. Wedding") seeks to attend all proceedings in this case remotely. This would include, for example, his deposition, any court-mandated settlement conference, motion hearings, the attorneys' conference, the final pretrial conference and, of course, trial.

Mr. Wedding bases his request on a perceived risk to his "personal safety," due to supposed incidents in Newport News and other unidentified locations,[1] none of which have any connection to Defendant Huntington Ingalls Incorporated ("HII") or any of its employees. Although Federal Rule of Civil Procedure 43(a) allows testimony "by contemporaneous transmission from a different location," any such request must only be granted with "good cause in compelling circumstances." Fed. R. Civ. P. 43(a). The Advisory Notes to Rule 43(a) caution *against* permitting remote participation:

> The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for

---

[1] The incidents described in his Declaration include being "threatened with murder and battery" by an unidentified individual, the "discharge" of a weapon in front of his vehicle, being "followed" at an airport terminal by an individual carrying a "Northrop Grumman" backpack, and believing that "flying is unsafe for me due to risks of sabotage." (ECF No. 5).

truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition.

Mr. Wedding's perceived threat to his safety, none of which is even remotely related to HII or the forum, is not good cause to authorize him to conduct the entirety of this case remotely. Mr. Wedding chose to file this suit and did so in this forum. HII has a presumptive right to depose Mr. Wedding in person and cross-examine him in person before the jury. Rule 43(a) does not contemplate inconvenience, distance, or tenuous safety concerns as good cause, and they are not.

To the extent that it may assuage Mr. Wedding's concerns, HII does not object to conducting Mr. Wedding's deposition, motion hearings, the settlement conference, and other pretrial conferences in Norfolk, Virginia. This would allow Mr. Wedding to fly in and out of Norfolk International Airport, rather than Newport News, Virginia, and thus, would not require him to travel through or be in Newport News. However, at this time, HII does not consent to trial being conducted in the Norfolk division given that a substantial number of witnesses reside in Newport News.

Dated: February 23, 2026                              Respectfully submitted,

By: ___/s/ Sharon Kerk Reyes___
Sharon Kerk Reyes (VSB No. 87701)
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
T: (757) 624-3000
F: (888) 360-9092
skreyes@kaufcan.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of February, 2026, I will electronically file the foregoing document with the Clerk of the Court using the CM/ECF system, and I hereby certify that I will mail the document by First-Class mail, postage prepaid, with a courtesy copy via electronic mail, to the following non-filing user:

>Kitron A. Wedding, *pro se*
>1001 Gayley Avenue Unit # 24724
>Los Angeles, CA 90024
>samphone2025@proton.me
>*Pro Se Plaintiff*

By: */s/ Sharon Kerk Reyes*
Sharon Kerk Reyes (VSB No. 87701)
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
T: (757) 624-3000
F: (888) 360-9092
skreyes@kaufcan.com

*Counsel for Defendant*