IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**KITRON A. WEDDING,** *pro se,*

    **Plaintiff,**

v.                                                           Civil Action No. 4:25-cv-143-RBS-LRL

**HUNTINGTON INGALLS INCORPORATED,**

    **Defendant.**

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA

*Pro se* Plaintiff Kitron Wedding ("Mr. Wedding") moves to transfer this case to the Central District of California, Los Angeles Division. Mr. Wedding claims that transfer is appropriate to protect his "personal safety" which, in his view, is a "relevant factor in the venue-transfer analysis." (ECF No. 4 at 1). In support of his "safety" argument, Mr. Wedding cites to *In re Apple, Inc.*, 581 F. App'x 886, 887-88 (Fed. Cir. 2014) in support. (*Id.*). *In re Apple* never discussed "personal safety" as relevant to the transfer analysis, and in fact, *In re Apple* weighs in favor of HII's position that venue is appropriate here and the case should not be transferred.

The *In re Apple* court considered where the majority of witnesses resided and deemed that location of their residence the appropriate venue. *Id.* at 889. The same is true here. All witnesses reside in Virginia, including Mr. Wedding's former supervisors, HII's Human Resources team, the EAP vendor, and Mr. Wedding's health care providers. It is only Mr. Wedding, the plaintiff, who resides outside of Virginia. Transferring this case to California would strip the court of any authority to compel the attendance of all of these non-party witnesses residing in Virginia—

resulting in substantial prejudice to HII's ability to present its defense. Fed. R. Civ. P. 45(c)(1)(A).[1]

Indeed, **all of the witnesses (except Mr. Wedding) reside in Virginia** because all of the events at issue in this case transpired *before* Mr. Wedding's termination of employment and they transpired in Newport News, Virginia, at Newport News Shipbuilding ("NNS"),[2] his place of employment. The fact that Mr. Wedding left Virginia is inconsequential to the venue analysis when all witnesses, except Mr. Wedding are here, and all events transpired here.

Further, a close review of Mr. Wedding's "safety" concerns reveals that many of the alleged incidents did not even occur in Newport News, Virginia, including the supposed incident where Mr. Wedding believes he was followed at an airport (which occurred in California) and a library incident, which by the timeline Mr. Wedding provided, appears to have also occurred in California. None of the other alleged incidents have any connection to HII or Virginia, and the majority of the incidents occurred *after* Mr. Wedding's termination of employment in February 2024.

Mr. Wedding also argues that he has been unable to "secure counsel in Virginia" (ECF No. 4 at 2) and that he is seeking counsel in California. Mr. Wedding's unsuccessful efforts to retain counsel are no reason to transfer venue. Mr. Wedding can prosecute this case *pro se*, as he is

---

[1] As the plaintiff, Mr. Wedding is subject to a deposition in Virginia even though he resides out-of-state. *Wright & Miller*, Federal Practice & Procedure, § 2112 at 75 ("[A]s a general rule, plaintiff will be required to make himself or herself available for examination in the district in which suit was brought); *In re Outsidewall Tire Litigation,* 267 F.R.D. 466, 471 (E.D. Va. 2010) ("[C]ourts ordinarily presume that a plaintiff may be deposed in the judicial district where the action was brought . . . ."); *Allen v. Cogent Comm'cs, Inc.*, No. 1:14-cv-549, 2015 WL 236628, at *4 (E.D. Va. Jan. 15, 2015) (holding that a plaintiff was "expected to appear for her deposition in the forum where the lawsuit is initiated absent extreme hardship").

[2] NNS is a division of Defendant Huntington Ingalls Incorporated ("HII"). HII is a Virginia corporation with its principal place of business in Newport News, Virginia.

already doing. If Mr. Wedding does obtain counsel in California, his attorney can appear *pro hac vice* in this case.

Mr. Wedding chose to file suit, and he chose to do so here in Newport News, Virginia. This venue is the most appropriate forum given that the witnesses reside here, and all of the events transpired here as well.

To the extent that it may assuage Mr. Wedding's concerns, HII does not object to conducting Mr. Wedding's deposition, motion hearings, the settlement conference, and other pretrial conferences in the Norfolk division of the Eastern District of Virginia. This would allow Mr. Wedding to fly in and out of Norfolk International Airport, rather than Newport News, Virginia, and thus, would not require him to travel through or be in Newport News. However, at this time, HII does not consent to trial being conducted in the Norfolk division given that a substantial number of witnesses reside in Newport News.

HII requests that the Court deny Mr. Wedding's Motion to Transfer Venue.

Dated: February 23, 2026

Respectfully submitted,

By: ___/s/ Sharon Kerk Reyes___
Sharon Kerk Reyes (VSB No. 87701)
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
T: (757) 624-3000
F: (888) 360-9092
skreyes@kaufcan.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of February, 2026, I will electronically file the foregoing document with the Clerk of the Court using the CM/ECF system, and I hereby certify that I will mail the document by First-Class mail, postage prepaid, with a courtesy copy via electronic mail, to the following non-filing user:

>Kitron A. Wedding, *pro se*
>1001 Gayley Avenue Unit # 24724
>Los Angeles, CA 90024
>samphone2025@proton.me
>*Pro Se Plaintiff*

>By: */s/ Sharon Kerk Reyes*
>Sharon Kerk Reyes (VSB No. 87701)
>KAUFMAN & CANOLES, P.C.
>150 West Main Street, Suite 2100
>Norfolk, VA 23510
>T: (757) 624-3000
>F: (888) 360-9092
>skreyes@kaufcan.com
>
>*Counsel for Defendant*