**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF VIRGINIA**

**Newport News Division**

KITRON A. WEDDING, pro se,

    Plaintiff,

v.                       Civil Action No. 4:25-cv-143-RBS-LRL

HUNTINGTON INGALLS INCORPORATED,

    Defendant.

_____

**PLAINTIFF'S MOTION FOR LEAVE TO FILE**

**OPPOSITION OUT OF TIME**

Plaintiff Kitron A. Wedding, proceeding pro se, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 6(b)(1)(B) and the Court's inherent equitable authority for leave to file his Opposition to Defendant's Motion for Judgment on the Pleadings (ECF No. 10) out of time. In support thereof, Plaintiff states as follows:

**I. BACKGROUND**

On April 17, 2026, Defendant filed its Motion for Judgment on the Pleadings and supporting Memorandum. (ECF Nos. 10, 11.) On April 20, 2026, this Court issued a Notice advising Plaintiff that his response was due within twenty-one (21) days. (ECF No. 12.) The twenty-one-day period expired on May 11, 2026.

## II. GOOD CAUSE EXISTS FOR A BRIEF EXTENSION

Under Rule 6(b)(1)(B), the Court may extend a deadline for "excusable neglect." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). Courts weigh: (1) danger of prejudice to the non-moving party; (2) length of the delay; (3) reason for the delay; and (4) whether the movant acted in good faith. Id.

First, there is no prejudice to Defendant. No scheduling order has issued, no scheduling conference has been set, no discovery has occurred, no trial date has been set, and the Court has not yet ruled on the underlying motion. Defendant, represented by experienced counsel, suffers no disadvantage from a brief delay measured in weeks. Second, the delay is short. Plaintiff files this motion and his accompanying Opposition within weeks of the deadline, not months. Third, the delay was caused by a combination of circumstances beyond Plaintiff's control, namely: a suspected delay in mail delivery combined with the ordinary complications of life during the relevant period. Plaintiff had checked the docket shortly before Defendant's motion was filed and did not see it; the lateness was a matter of timing amid these circumstances, not disregard for the Court's deadlines. Fourth, Plaintiff has acted in good faith throughout this litigation, having filed a timely Complaint, a timely EEOC Charge, and multiple substantive pro se motions, including a Motion to Transfer Venue and a Motion to Appear Remotely. Plaintiff's consistent engagement demonstrates diligence, not disregard for the Court's deadlines. Upon realizing the deadline had passed, Plaintiff promptly prepared this Motion and the accompanying Opposition, and will monitor the docket through PACER more frequently moving forward to ensure timely compliance.

Courts in the Fourth Circuit consistently hold that pro se litigants are entitled to liberal construction of procedural rules and that the interests of justice favor resolving cases on the merits. Haines v. Kerner, 404 U.S. 519 (1972); Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). Granting leave here serves justice; granting the underlying motion as unopposed without reaching the merits would not.

**III. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court grant him leave to file his Opposition to Defendant's Motion for Judgment on the Pleadings, which is filed concurrently herewith, and deem it timely filed.

Respectfully submitted,

Date: June 5th, 2026

_____

Kitron A. Wedding, Plaintiff Pro Se

1001 Gayley Ave Unit #24724

Los Angeles, CA 90024

(336) 447-0584

samphone2025@proton.me

**CERTIFICATE OF SERVICE** I hereby certify that on June 5th, 2026, I caused a true and correct copy of the foregoing to be served upon Defendant's counsel of record by first-class mail, postage prepaid, and by electronic mail, addressed as follows:

Sharon Kerk Reyes Kaufman & Canoles, P.C. 150 West Main Street, Suite 2100 Norfolk, VA 23510

skreyes@kaufcan.com

_____

Kitron A. Wedding, Plaintiff Pro Se