IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

KITRON A. WEDDING, *pro se,*

      Plaintiff,

v.                                     Civil Action No. 4:25-cv-143-RBS-LRL

HUNTINGTON INGALLS INCORPORATED,

      Defendant.

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE OPPOSITION OUT OF TIME**

Seven weeks after Defendant Huntington Ingalls Incorporated ("HII") filed its Motion for Judgment on the Pleadings, and nearly a month after his opposition brief was due, *pro se* Plaintiff Kitron Wedding ("Mr. Wedding) moved for leave to file a late opposition brief. Mr. Wedding only provides two excuses for his tardy filing: 1) "a suspected delay in mail delivery;" and 2) "the ordinary complications of life." (ECF No. 14 at 2). Neither of these reasons excuse his late filing. HII requests that the Court deny Mr. Wedding's Motion (ECF No. 14) and strike his proposed Opposition brief (ECF No. 14-2) from the docket.

1.      **Procedural Background**

On April 17, 2026, HII filed a Motion for Judgment on the Pleadings (ECF No. 11). HII served a copy of the filing on Mr. Wedding via U.S. Mail, ***with a courtesy copy via electronic mail***. A copy of defense counsel's email to Mr. Wedding on April 17, 2026 is attached as **Exhibit A**. HII used the correct email address which Mr. Wedding provided with his initial Complaint filing, and, importantly, the same address Mr. Wedding later used to email his tardy filings to defense counsel. A copy of Mr. Wedding's June 5, 2026 email to defense counsel is attached as **Exhibit B**.

Besides receiving email and U.S. Mail service from HII, Mr. Wedding also received a *Roseboro* Notice from the Court, which advised him that he could file a response "within twenty-one (21) days" and that if he failed to do so, "the Court could dismiss some of Plaintiff's claims on the basis of the moving party's papers if Plaintiff does not file a response." (ECF No. 12).

When Mr. Wedding's response deadline came and went with no filing, HII filed a Local Rule 7(E) Notice, advising the Court that HII's Motion for Judgment on the Pleadings was ripe for adjudication. (ECF No. 13). Again, HII served a copy of this Notice via U.S. Mail and ***electronic mail on Mr. Wedding***. A copy of defense counsel's email to Mr. Wedding on May 18, 2026 is attached as **Exhibit C**. Three weeks later, Mr. Wedding filed the instant Motion.

## 2.    Applicable Standard

Local Rule 7(H) explains that "[a]fter the filing of the complaint, all pleadings, motions, briefs, and filings of any kind must be timely filed with the Clerk's Office of the division in which the case is pending." E.D. Va. Local Civ. R. 7(H).  Extensions are explicitly disfavored under the Local Rules. E.D. Va. Local Civ. R. 7(I) ("Any requests for an extension of time relating to motions . . . will be looked upon with disfavor."). Further, "such disfavor can only increase when such a motion [for extension] is itself not timely filed." *Key v. Robertson,* 626 F. Supp. 2d 566, 576 (E.D. Va. 2009).

Under Federal Rule of Civil Procedure 6(b)(1)(A), a deadline can be extended for good cause shown only if that deadline has not yet expired. Here, Mr. Wedding's deadline expired *before* Mr. Wedding sought an extension to file the opposition brief.  As such, Mr. Wedding must meet the higher standard of "excusable neglect" in order to obtain the extension. *Id.*  "Excusable neglect is not easily demonstrated, nor was it intended to be." *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996).

"Neglect" includes "both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). However, neglect is not enough; that the neglect must also be "excusable." *Id.* at 395. "[T]he burden of demonstrating excusability lies with the party seeking the extension and **a mere concession of palpable oversight or administrative failure generally has been held to fall short of the necessary showing.**" *Thompson*, 76 F.3d at 534 (emphasis in original) quotation omissited). An untimely party must provide "some reasonable basis for noncompliance within the time specified in the rules." *United States v. Gulf Ins. Co.,* 225 F.R.D. 526, 528 (E.D. Va. 2005). Importantly, "ignorance of when a time period expires does not qualify as excusable neglect, nor does a busy schedule, lack of diligence, inadvertence, or other manifestations of carelessness and laxity." *Key,* 626 F. Supp. 2d at 577 (citation omitted) (emphasis added).

Factors for the Court to consider when determining excusable neglect include "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395. Although the Court considers all the factors, the most important factor is the reason for delay. *Thompson*, 76 F.3d at 534.

**3.   Mr. Wedding Has Failed to Establish Excusable Neglect**

The only reasons Mr. Wedding has provided for his delay are 1) "a suspected delay in mail delivery;" and 2) "the ordinary complications of life." (ECF No. 14 at 2).

A.   <u>A "Suspected Delay in Mail Delivery" Is Insufficient to Establish Excusable Neglect</u>

Mr. Wedding's first excuse—a "suspected delay in mail delivery"—is insufficient. ***It is undisputed that Mr. Wedding received a copy of HII's Motion and subsequent Rule 7(E) Notice***

*via email*. To the extent Mr. Wedding's mail-delay-excuse is cabined to the *Roseboro* Notice, Mr. Wedding has provided no evidence, beyond his conclusory assertion, that the U.S. Mail was delayed for nearly two months. Lastly, his reliance on this "suspected delay" is even more questionable given that Mr. Wedding admitted he has the ability to check the docket via Pacer, but for whatever reason, chose not to do so.

Mr. Wedding is not the first litigant to rely on "mail delays" as an excuse for an untimely filing, but his excuse is insufficient. *See, e.g., Salami v. Monroe*, No. 1:07-cv-621, 2010 WL 817483, at *3 (M.D.N.C. Mar. 4, 2010) (no excusable neglect when *pro se* plaintiff failed "to retrieve his mail in a timely manner" because he was "only retrieving his mail on a weekly basis") *aff'd*, 417 F. App'x 353 (4th Cir. 2011); *In re Genesis Health Ventures, Inc.*, 248 F. App'x 475, 476-77 (3rd Cir. 2007) (no excusable neglect when litigant did not "provide evidentiary support for his claim that mail service" was delayed); *U.S. v. Commonwealth of Va.*, 508 F. Supp. 187, 191-92 (E.D. Va. 1981) (discussing cases involving alleged mail delays and denying motion for extension); *Neishlos v. City of New York*, No. 00 Civ. 914(SAS), 2003 WL 22990083, at *1 (S.D.N.Y. Dec. 18, 2003) (footnote omitted) (delay caused by "mail carrier's error" and counsel's failure to check online docket sheets was not excusable neglect).

In those cases where a mail delay has been deemed excusable neglect, the litigant provided a description of the exact delay, which is the opposite of Mr. Wedding's vague description of a "suspected" mail delay. *See, e.g., Ramseur v. Beyer*, 921 F.2d 504, 506-07 (3rd Cir. 1990) (holding that a nearly two week delay between the mailing and receipt of the notice of appeal was unpredictable and therefore constituted excusable neglect); *In re Kriegish*, 280 B.R. 132 (E.D. Mich. 2002) (finding excusable neglect when mail was delayed due to Anthrax scare postdating

terrorist attack of September 11); *U.S. v. Reyes*, 759 F.2d 351 (4th Cir. 1985) (litigant provided the exact date and location of mailing when describing mail delay).

B.    "Ordinary Complications of Life" Are Insufficient to Establish Excusable Neglect

Mr. Wedding argues that his delay was caused by "ordinary complications of life." (ECF No. 14 at 2). His characterization of these complications as "ordinary" removes this reason from the realm of excusable neglect. Unquestionably, if such complications are "ordinary," they were within Mr. Wedding's control and foreseeable. In *Key*, the Court considered a litigant's explanation of being "extremely busy as of late," and deemed it insufficient to establish excusable neglect. *Key*, 626 F. Supp. 2d at 577; *Eagle Fire, Inc. v. Eagle Integrated Controls, Inc.*, No. 3:06-cv-264, 2006 WL 1720681, at *5 (E.D. Va. June 20, 2006) (denying motion for extension due to a "busy schedule").  Mr. Wedding's "inattentiveness" to the filing deadlines is exactly the type of neglect that the Fourth Circuit has "consistently declined to excuse." *Symbionics Inc. v. Ortlieb*, 432 F. App'x 216, 219 (4th Cir. 2011); *see Thompson*, 76 F.3d at 534 (stating that administrative failure is inexcusable).

C.    Mr. Wedding's *Pro Se* Status Cannot Excuse His Tardy Filing

Mr. Wedding relies heavily on his *pro se* status to excuse his tardy fling. In so doing,  Mr. Wedding badly misunderstands and miscites case law in arguing that "*pro se* litigants are entitled to liberal construction of procedural rules." (ECF No. 14 at 2).[1] In fact, the opposite is true:  *pro se* litigants are entitled to liberal construction of pleadings, ***not procedural rules***, "including filing deadlines, [which] apply equally to *pro se* litigants and represented parties." *Bryan v. Cartledge*,

---

[1] Both of the cases Mr. Wedding cited discussed liberal construction of pleadings. *Haines v. Kerner*, 404 U.S. 519 (1972) (discussing a complaint); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978) (discussing a complaint).

No. 5:12-cv-3439-TMC, 2013 U.S. Dist. Lexis 98784, at *2 (D.S.C. July 16, 2013) (emphasis added).

Indeed, as explained by the U.S. Supreme Court, "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. U.S.*, 508 U.S. 106, 113 (1993) (footnote omitted).  When presented with the same argument from a *pro se* litigant—that he should be given special exception from the procedural rules because he is acting *pro* se—the Fourth Circuit answered emphatically, "We do not agree." *Adkins v. Rice,* 842 F.2d 1289, 1988 WL 21264, at *1 (4th Cir. 1988) (emphasis added) (affirming district court's holding that *pro se* litigants "mental and nervous condition" and being "unable to cope with legal and normal activities" was not excusable neglect); *see also Williams v. Brumbaugh*, No. 3:10-cv-700, 2011 WL 2077794, at *3 (E.D. Va. May 24, 2011) ("[T]he Plaintiff chose to file this case in federal court and therefore voluntarily subjected herself to its procedural rules and deadlines.").

To the extent Mr. Wedding misunderstood the rules—which would be surprising given the Court's clear *Roseboro* Notice—that "misunderstanding of the rules' plain language will not support a finding of excusable neglect." *Nasser v. WhitePages, Inc.*, No. 5:12-cv-97, 2014 WL 3058570, at *14 (W.D. Va. July 2, 2014) (denying *pro se* plaintiff's motion for extension); *Cook v. McQuate*, 7:15-cv-456, 2017 WL 11707885, at *2 (W.D. Va. Oct. 5, 2017) (denying *pro se* litigant's motion for extension and citing the standard that "mistaken reliance on provisions of the Rules or unfamiliarity with the Rules will not rise to the level of excusable neglect").

This Court should "not find that the Plaintiff's *pro se* status—the excuse given by Plaintiff for his tardiness—qualifies in and of itself" as excusable neglect. *Letendre v. Parallon Enters., LLC*, No. 3:24-cv-184 (RCY), 2025 WL 2323940, at *2 (E.D. VA. Aug. 12, 2025) (denying *pro*

6

*se* litigant's filing that was over two months late). By Mr. Wedding's own admission, **he chose to miss the deadline because, to him, the "ordinary complications of life" are more important than this Court's rules**. This is not the type of conduct that qualifies for excusable neglect.

        D.       <u>HII Will Suffer Prejudice</u>

Mr. Wedding filed suit against HII on a deficient Complaint as argued in HII's Motion for Judgment on the Pleadings. Mr. Wedding's unexcused delay affects both opposing counsel and the Court's docket as it essentially delays the Court's ruling without excuse. *Cf. Letendre*, 2025 WL 2323940, at *2 ("[A]n extension would unnecessarily delay the judicial proceedings when the Court is otherwise ready to rule on the Motion . . ."). Timely filing an opposition brief was solely within Mr. Wedding's control, and he chose to do nothing until months had passed and until *after* HII notified the Court that the pleadings were complete. Mr. Wedding cannot treat this case, that he filed, as an afterthought and somehow less important than "the ordinary complications of life" to the prejudice of HII.

**4.      The Court Should Deny Mr. Wedding's Motion**

In sum, Mr. Wedding not only has failed to provide any valid reason for his delay, he has provided insufficient reasons for his delay, and thus, this "most important" factor, weighs dispositively against him. *Pioneer*, 507 U.S. at 396-97. Although Mr. Wedding places heavy emphasis on the other factors, including an alleged lack of prejudice and his *pro se* status, none of his excuses are meritorious. His deficient excuses are categorically barred from excusable neglect because they are "mere concession[s] of palpable oversight or administrative failure." *Symbionics*, 432 F. App'x at 220.

HII requests that the Court deny Mr. Wedding's Motion and treat HII's Motion for Judgment on the Pleadings as unopposed. Should the Court grant Mr. Wedding's Motion and

docket Mr. Wedding's Opposition brief, HII will file a Reply brief within the allotted six day timeframe.

Dated: June 19, 2026                                         Respectfully submitted,

By: _____ */s/ Sharon Kerk Reyes* _____
Sharon Kerk Reyes (VSB No. 87701)
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
T: (757) 624-3000
F: (888) 360-9092
skreyes@kaufcan.com

*Counsel for Defendant*

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 19th day of June, 2026, I will electronically file the foregoing

document with the Clerk of the Court using the CM/ECF system, and I hereby certify that I will

mail the document by First-Class mail, postage prepaid, with a courtesy copy via electronic mail,

to the following non-filing user:

> Kitron A. Wedding, *pro se*
> 1001 Gayley Avenue Unit # 24724
> Los Angeles, CA 90024
> samphone2025@proton.me
> *Pro Se Plaintiff*

By:    */s/ Sharon Kerk Reyes*

Sharon Kerk Reyes (VSB No. 87701)
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
T: (757) 624-3000
F: (888) 360-9092
skreyes@kaufcan.com

*Counsel for Defendant*