UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division


KITRON A. WEDDING,

                Plaintiff,

v.                                          ACTION NO. 4:25cv143

HUNTINGTON INGALLS INCORPORATED,

                Defendant.


## ORDER

Plaintiff Kitron A. Wedding ("Plaintiff"), appearing pro se, filed this action against Defendant Huntington Ingalls Incorporated ("Defendant"). See Compl., ECF No. 1. This matter is before the court on the following motions:

(1)   Plaintiff's Motion to Transfer Venue to the Central District of California ("Motion to Transfer"), ECF No. 4;
(2)   Plaintiff's Motion for Leave to Appear Remotely for All Conferences and Hearings ("Motion to Appear Remotely"), ECF No. 3;
(3)   Defendant's Motion for Judgment on the Pleadings, ECF No. 10; and
(4)   Plaintiff's Motion for Leave to File Opposition Out of Time ("Motion to File Late Opposition"), ECF No. 14.

### I.  Plaintiff's Motion to Transfer

Plaintiff previously worked for Defendant in Newport News, Virginia. Compl. at 3, ECF No. 1. Plaintiff claims that during his employment, Defendant discriminated against him on the basis of his disability, religious beliefs, and sexual orientation;

subjected him to a hostile work environment; and unlawfully retaliated against him for exercising his rights under certain federal employment laws. Id. at 1-9. In his Complaint, Plaintiff asserts federal claims against Defendant pursuant to the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights of 1964 ("Title VII"). Id. Plaintiff also asserts state-law claims against Defendant for defamation and intentional infliction of emotional distress. Id.

Plaintiff currently resides in Los Angeles, California. Id. at 1. However, Plaintiff filed his lawsuit in this court because he realized that venue was proper herein. Id. at 5 (stating that "[v]enue is proper in the Eastern District of Virginia under 28 U.S.C. § 1391(b) because the events giving rise to this complaint occurred in Newport News, Virginia, where Defendant maintains is principal place of business and where Plaintiff was employed").

A few months after filing this lawsuit, Plaintiff moved to transfer this action to the United States District Court for the Central District of California, i.e., Plaintiff's current "district of residence," pursuant to 28 U.S.C. § 1404(a). Mot. Transfer at 1, ECF No. 4. To support his request, Plaintiff argues that (1) Defendant conducts "substantial business" in California and is therefore subject to personal jurisdiction in the state; (2) the effects of Defendant's alleged wrongdoing "are felt by

2

Plaintiff in his district of residence"; (3) Plaintiff was the target of "threats and harassment" in Virginia, and forcing Plaintiff to litigate in Virginia would be dangerous for Plaintiff; (4) Plaintiff would be more likely to retain counsel if this litigation proceeded near his current residence; (5) the Central District of California is more convenient for Plaintiff, who is a "primary and indispensable witness" in this matter; and (6) most of the "documentary evidence" at issue in this case "can be produced electronically anywhere." Id. at 1-2.

The court is not persuaded by Plaintiff's arguments. Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to another district "[f]or the convenience of parties and witnesses [and] in the interest of justice." 28 U.S.C. § 1404(a). A decision to transfer venue pursuant to § 1404(a) "falls within the broad discretion of the district court." Marsh v. United States, No. 1:06cv93, 2007 WL 2021932, at *2 (W.D. Va. July 10, 2007) (citing Brock v. Entre Computer Ctrs., Inc., 933 F.2d 1253, 1257 (4th Cir. 1991)).

Here, Plaintiff worked for Defendant in Newport News, Virginia, all of the events giving rise to Plaintiff's claims allegedly occurred in Newport News, Virginia, and it appears that all of the relevant evidence and witnesses (with the exception of Plaintiff) are found within the boundaries of the Eastern District of Virginia. See Compl. at 1-9. Under these circumstances, the

3

court finds that Plaintiff's request to transfer this action to the Central District of California is unwarranted. See 28 U.S.C. § 1404(a). Accordingly, Plaintiff's Motion to Transfer, ECF No. 4, is **DENIED**.

## II.  Plaintiff's Motion to Appear Remotely

Plaintiff asks the court to allow him to "appear remotely by video or telephone conference for all scheduled conferences, hearings, and proceedings in this matter for the duration of this action." Mot. Appear Remotely at 1, ECF No. 3. Plaintiff claims that "travelling to and appearing in Virginia" would be inconvenient for Plaintiff and would expose Plaintiff to "danger." Id.

The court is unwilling to provide Plaintiff a blanket authorization to appear remotely at all court proceedings. Thus, Plaintiff's Motion to Appear Remotely, ECF No. 3, is **DENIED**. However, if the court schedules a particular proceeding, Plaintiff may request permission to appear remotely at the particular proceeding, if necessary, and the court will consider Plaintiff's request at that time.

## III.  Plaintiff's Motion to File Late Opposition

On April 17, 2026, Defendant filed a Motion for Judgment on the Pleadings. Mot. J. Pleadings, ECF No. 10. On June 5, 2026, i.e., after Plaintiff's deadline to respond to Defendant's motion expired, Plaintiff filed a Motion to File Late Opposition and

4

attached thereto a proposed Opposition.  Mot. File Late Opp'n, ECF No. 14; Opp'n, ECF No. 14-2.

In his motion, Plaintiff states, among other things, that a "suspected delay in mail delivery" and "complications of life during the relevant period" impacted Plaintiff's ability to timely respond to Defendant's motion.  Mot. File Late Opp'n at 2. Plaintiff asks the court to excuse his untimeliness and authorize the filing of his Opposition.  Id. at 1-3.

Under these circumstances, and in deference to Plaintiff's pro se status, the court will authorize the filing of Plaintiff's Opposition.  Accordingly, Plaintiff's Motion to File Late Opposition, ECF No. 14, is **GRANTED**.  The court has considered Plaintiff's Opposition in its analysis of Defendant's Motion for Judgment on the Pleadings.

## IV.  Defendant's Motion for Judgment on the Pleadings

As noted above, Plaintiff's Complaint asserts federal claims against Defendant pursuant to the ADA and Title VII, as well as state-law claims for defamation and intentional infliction of emotional distress. Compl. at 1-9. Defendant argues that all of Plaintiff's claims fail and that Defendant is entitled to judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  Mot. J. Pleadings, ECF No. 10; Mem. Supp., ECF No. 11.  In his Opposition, Plaintiff argues, among other things, that he should be given an opportunity to file an amended complaint

5

to cure any potential deficiencies of his initial Complaint. Opp'n at 11.

Under these circumstances, and in deference to Plaintiff's pro se status, the court finds it appropriate to **GRANT** Plaintiff leave to file an Amended Complaint to clarify the complete factual and legal basis for this lawsuit. Accordingly, Plaintiff is **ORDERED** to file an Amended Complaint within thirty days of the date of entry of this Order. Plaintiff is **ADVISED** that the Amended Complaint will become the operative complaint in this action. As such, the Amended Complaint must:

(1)  be clearly labeled as an Amended Complaint;

(2)  comply with the federal pleading standards set forth in Rules 8 and 10 of the Federal Rules of Civil Procedure;[1]

(3)  clearly state, with specificity, each claim that Plaintiff intends to assert against Defendant;

(4)  clearly set forth all factual allegations upon which each asserted claim is based; and

(5)  clearly explain the extent to which Plaintiff exhausted his administrative remedies on any claims that require such exhaustion.

An amended complaint supersedes a prior complaint and renders it of no legal effect. See Young v. City of Mt. Rainier, 238 F.3d

---

[1] Rule 8 provides that a claim for relief must contain (1) a "short and plain statement of the claim showing that the pleader is entitled to relief;" and (2) allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 8(d)(1). Rule 10 provides that "a party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

6

567, 572 (4th Cir. 2001). Because Defendant's Motion for Judgment on the Pleadings seeks relief as to Plaintiff's initial Complaint, which will no longer serve as the operative complaint in this matter, Defendant's Motion for Judgment on the Pleadings, ECF No. 10, is **DISMISSED** without prejudice. Defendant may refile its motion if Plaintiff fails to file an Amended Complaint.

### V.   Conclusion

For the reasons set forth above, Plaintiff's Motion to Transfer, ECF No. 4, is **DENIED**; Plaintiff's Motion to Appear Remotely, ECF No. 3, is **DENIED**; Plaintiff's Motion to File Late Opposition, ECF No. 14, is **GRANTED**; Plaintiff is **ORDERED** to file an Amended Complaint, pursuant to the instructions set forth herein, within thirty days of the date of entry of this Order; and Defendant's Motion for Judgment on the Pleadings, ECF No. 10, is **DISMISSED** without prejudice.

The Clerk is **DIRECTED** to send a copy of this Order to Plaintiff and counsel for Defendant.

IT IS SO **ORDERED**.

/s/
Rebecca Beach Smith
Senior United States District

July 23, 2026

7