**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

KITRON A. WEDDING, pro se,

Plaintiff,

v. Civil Action No. 4:25-cv-143-RBS-LRL

HUNTINGTON INGALLS INCORPORATED,

Defendant.

---

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT**

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) and Local Civil Rule 7(F), Plaintiff Kitron A. Wedding, proceeding pro se, respectfully moves this Court for a sixty (60) day extension of the deadline to file his Amended Complaint, through and including October 21, 2026. In the alternative, Plaintiff requests a forty-five (45) day extension through October 6, 2026, or such other shorter extension as the Court deems appropriate.

---

**MEMORANDUM IN SUPPORT**

I. Factual and Procedural Background

1. On July 23, 2026, the Court entered an Order granting Plaintiff leave to file an Amended Complaint within thirty (30) days of the date of entry of the Order. ECF No. 16.

2. Under Federal Rule of Civil Procedure 6(a)(1)(C), because the thirtieth day, August 22, 2026, falls on a Saturday, the deadline extends to Monday, August 24, 2026. For clarity and simplicity in calculating the requested extension, Plaintiff measures the requested extension from the thirtieth day set by the Court's Order (August 22, 2026), rather than from the adjusted date. This Motion is filed before that deadline expires. See Fed. R. Civ. P. 6(b)(1)(A).
3. This is Plaintiff's first request for an extension of this deadline.
4. Pursuant to Local Civil Rule 7(E), Plaintiff respectfully requests that this Motion be decided on the papers without oral argument, given its routine, non-dispositive nature.
5. Prior to filing this Motion, Plaintiff conferred with Defendant's counsel regarding the requested extension. Plaintiff contacted Defendant's counsel by email on August 17, 2026 and telephone August 18, 2026, respectively, to request consent to this motion. As of the time of filing, Plaintiff had not received a response.

II. Good Cause Exists for the Requested extension

1. Plaintiff's Extensive but Unsuccessful Efforts to Obtain Counsel
   A. Plaintiff has proceeded pro se throughout this litigation and has been actively attempting to secure legal representation through multiple intensive searches taking place in different time frames over multiple years. To date, Plaintiff has contacted more than 250 attorneys and law firms across multiple jurisdictions in an effort to secure representation. Despite these extensive efforts, Plaintiff has been unable to obtain counsel.
   B. Plaintiff's efforts to secure counsel predate the July 23, 2026 Order, continued throughout the relevant period, and remain ongoing.
   C. Plaintiff has now determined that he must proceed with preparing the Amended Complaint directly, as he will not be able to secure representation within the original time frame despite his diligent efforts.
2. Plaintiff's Unexpected Custody Disruption
   A. On July 30, 2026, a week after the order to file an Amended Complaint was docketed and before Plaintiff had completed preparation for amending the complaint, Plaintiff was unexpectedly remanded into custody in an unrelated proceeding. Plaintiff had been searching for legal representation in this matter at that time and remained in custody until August 12, 2026 whereupon he resumed his search.
   B. This period of custody substantially disrupted Plaintiff's ability to access his case files and records, conduct legal research, communicate with prospective counsel, and prepare the Amended Complaint within the original thirty-day period.

3. Plaintiff's Diligence Since Release

   A. Since being released on August 12, 2026, Plaintiff has been diligently working to prepare the Amended Complaint while recovering from the disruption and continuing efforts to find counsel. Plaintiff is attempting to revise the pleading to comply with the Court's requirements concerning the organization of the Amended Complaint, the specificity of the factual allegations supporting each claim, and the pleading of administrative exhaustion, as required under Rules 8 and 10 of the Federal Rules of Civil Procedure and the five specific requirements identified in the Court's July 23, 2026 Order.

   B. Plaintiff also requires additional time to organize the relevant records and documentary evidence necessary to accurately identify and plead the factual allegations supporting each claim, including evidence concerning the alleged discriminatory conduct and retaliatory conduct at issue in this action which continues to adversely affect Plaintiff.

   C. The Amended Complaint requires careful legal analysis to comply fully with this Court's Order, including the requirements that the Amended Complaint: (a) be clearly labeled as such; (b) comply with Rules 8 and 10; (c) clearly state each claim with specificity; (d) clearly set forth the factual allegations supporting each claim; and (e) clearly explain the extent of administrative exhaustion for any claim requiring it. ECF No. 16 at 6.

4. No Prejudice to Defendant

   A. The requested extension is not sought for purposes of delay. It is sought to permit Plaintiff a reasonable opportunity to address the Court's directives carefully and to file a complete and legally sufficient Amended Complaint.

   B. No prejudice will result to Defendant if this extension is granted. The case remains in its early stages; no discovery or pretrial deadlines have been set; and Defendant's Motion for Judgment on the Pleadings has already been dismissed without prejudice. ECF No. 16 at 7.

   C. The requested extension will ensure that Plaintiff can file a comprehensive pleading that allows this case to proceed efficiently on the merits, without need for successive rounds of motions practice over pleading deficiencies.

III. Requested Relief

For the foregoing reasons, Plaintiff respectfully requests that this Court grant a sixty (60) day extension of the deadline to file his Amended Complaint, through and including October 21, 2026. In the alternative, Plaintiff requests a forty-five (45) day extension through October 6, 2026, or such other date as the Court deems just and proper.

Respectfully submitted,

Date: August 18, 2026



Kitron A. Wedding, Plaintiff Pro Se
1001 Gayley Ave., Unit #24724
Los Angeles, CA 90024
(336) 447-0584
samphone2025@proton.me

CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2026, I caused a true and correct copy of the foregoing Plaintiff's Motion for Extension of Time to File Amended Complaint to be served upon Defendant's counsel of record by electronic mail and first-class mail, addressed as follows:

Sharon Kerk Reyes
Kaufman & Canoles, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
skreyes@kaufcan.com