**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

**KITRON A. WEDDING, *pro se*,**

**Plaintiff,**

**v.** **Civil Action No. 4:25-cv-143-RBS-LRL**

**HUNTINGTON INGALLS INCORPORATED,**

**Defendant.**

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT**

Today, *pro se* Plaintiff Kitron Wedding moved for a sixty (60) day extension of his deadline to file an Amended Complaint. (ECF No. 17). This Court previously entered an Order directing Mr. Wedding to file an Amended Complaint by August 24, 2026. (ECF No. 16).

At 2:40 a.m., on August 18, 2026, Mr. Wedding contacted undersigned defense counsel requesting that Defendant Huntington Ingalls Incorporated ("HII") agree to a 60-day extension because Mr. Wedding "was unexpectedly remanded into custody on July 30, 2026, and remained in custody until August 12, 2026, which substantially disrupted my ability to work this case." *See* Exhibit 1, Email from Wedding to Reyes, Aug. 18, 2026.

After receiving this request, HII located the public record for Mr. Wedding's pending criminal charges in Los Angeles, California, a copy of which is attached as Exhibit 2. Mr. Wedding is facing three charges, all related to possession of a loaded firearm. The offense date is March 17, 2026, so Mr. Wedding has been well aware of this pending criminal matter for many months prior to the Court's recent Order. Further, it appears that his recent incarceration was due to absconding from electronic monitoring. (See Ex. 2, page 5, entry for July 13, 2025 "ascond [sic] notice from

electronic monitoring program"; and entry for July 30, 2026, "bench warrant hearing"). After reviewing these documents, HII declined to agree. *See* Ex. 1. Mr. Wedding's recent incarceration—which appears to be caused by his own failure to comply with electronic monitoring—is certainly not good cause for an extension of his deadline to file an Amended Complaint

In his Motion, Mr. Wedding adds other reasons for why he should be granted an extension, including his need for "additional time to organize the relevant records and documentary evidence necessary to accurately identify and plead the factual allegations supporting each claim." (ECF No. 17 at 1). This case has been pending for **ten months**. Mr. Wedding has had more than sufficient time to organize his records. Further, his request for additional time in order to "comply with Rules 8 and 10, clearly state each claim with specificity, clearly set forth the factual allegations supporting each claim, and clearly explain the extent of administrative exhaustion" ignores the fact that these have always been Mr. Wedding's obligations in properly pleading his claims—obligations he should have met with his original complaint filed ten months ago.

Mr. Wedding's argument that he needs more time to review his own documentation is belied by the fact that he represented to this Court, two months ago, that he was prepared to amend his Complaint within a thirty day timeframe. (ECF No. 14, attach. 2 at 11-12, requesting leave to amend and claiming "Plaintiff . . . can cure any pleading deficiencies" and requesting that Plaintiff "be granted leave to file an Amended Complaint within thirty (30) days").[1] Mr. Wedding has had more than ample time to "organize the relevant records" and prepare his Amended Complaint. He

[1] Mr. Wedding sought to file the Amended Complaint during the pendency of the criminal matter.

had all those records in hand two months ago when he made his request to file an Amended Complaint.

HII opposes Mr. Wedding's Motion for Extension of Time and requests that the Court deny his Motion.

Dated: August 18, 2026

Respectfully submitted,

By: */s/ Sharon Kerk Reyes*
Sharon Kerk Reyes (VSB No. 87701)
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
T: (757) 624-3000
F: (888) 360-9092
skreyes@kaufcan.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of August, 2026, I will electronically file the foregoing document with the Clerk of the Court using the CM/ECF system, and I hereby certify that I will mail the document by First-Class mail, postage prepaid, with a courtesy copy via electronic mail, to the following non-filing user:

Kitron A. Wedding, *pro se*
1001 Gayley Avenue Unit # 24724
Los Angeles, CA 90024
samphone2025@proton.me
*Pro Se Plaintiff*

By: */s/ Sharon Kerk Reyes*

Sharon Kerk Reyes (VSB No. 87701)
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
T: (757) 624-3000
F: (888) 360-9092
skreyes@kaufcan.com

*Counsel for Defendant*